991. RAILROADS—Degree of danger existing as to some highway travellers at crossing does not make it so dangerous as to justify a jury in finding a duty to have a gate and watchman when such precaution has not been taken by state authorities.

PER CURIAM.

Orlando Murphy and others and Albert Clouthier brought their actions at law in the District Court, against the Pennsylvania Railroad Co. Judgment there was for the company.

Error was prosecuted and the only complaint was that the trial judge, when his attention was called thereto after the general charge, failed to instruct the jury that actionable negligence might be predicated upon the lack of gate or watchman at the crossing in question, even in the absence of statutory requirement therefor, because the crossing was especially dangerous and more than ordinarily hazardous.

The Circuit Court of Appeals in affirming the judgment of the trial court held:

1. There was no substantial evidence in the record to justify the submission of this theory of negligence.

2. There was nothing to indicate any greater degree of use than is ordinary upon a typical country road which was not shown to be a trunk or main line highway, but which carried travel between two small towns a few miles apart because the regular road was temporarily under repairs and this was used as a detour.

3. The degree of danger, existing to some of the highway travellers cannot of itself be said to make the crossing of that excessively dangerous character which alone would justify a jury in finding a duty to have a gate or watchman when that precaution has not been ordered by state authorities who prescribe such safeguards when they think the necessity exists.

Judgment affirmed.

Attorneys—John Ruffalo and Craver, Diser, Huey & Starrs, Youngstown, for Murphy and Clouthier; Squire, Sanders & Dempsey, Cleveland, and Harrington, Deford, Huxley & Smith, Youngstown, for Company.

## No. 799

### HETTRICK MFG. CO. v. WAXAHACHIE COTTON MILLS

U. S. Appeals, 6th Circuit

No. 3960. Decided Oct. 7, 1924

1235. VERDICT—Where both parties move for a directed, reviewing court limited to determining whether there was any substantial evidence on which the trial court properly could have found facts necessary to support the judgment.

297. CONTRACT—In absence of fraud or mutual mistake, party who executes contract, cannot escape liability therefrom because of ignorance of contents.

COCHRAN, Dist. J.

The Waxahachie Cotton Mills brought its action for damages in the District Court, for breach of contract, against the Hettrick Mfg. Co. The case was tried to a jury, but at the close of the evidence each party moved for a directed verdict. The motion of the Cotton Mills was sustained and a verdict for $22,-640.09 was returned upon which judgment was entered. The Manufacturing Co. prosecuted error to the Circuit Court of Appeals and claimed that the court erred in overruling its motion for a directed verdict and the refusal to permit the introduction of certain evidence offered.

It seems that the Mfg. Co. purchased from the Cotton Mills 400,000 yards of certain grade of cloth, and was to pay therefor 27 cents per yard, subject to revision by a price fixing committee of the United States. Shipments were to be made 10,000 yards weekly. Defects in quality or delays in shipment were not to be cause for cancellation of any portion of the contract other than the shipment involved. In case of curtailment because of circumstances beyond the reasonable control of the Cotton Mills, deliveries were to be made and accepted in proportion to production available for delivery. The place of business of the Cotton Mills was in Texas; and that of the Manufacturing Co. was in Toledo, Ohio.

Shipments had been made, but due to the fact that an epidemic of influenza had hit most of the force at the Mills, production of cloth was slowed down perceptibly so that further shipments were delayed. The Manufacturing Co. demanded the cloth and in the failure of the Cotton Mills to answer a telegram, due to its attempt to purchase the cloth, cancelled the contract. The Cotton Mills claimed that such delays in the shipment were provided for in the contract, and promised

that the cloth would be completed in accordance with the contract. Invoices for the goods shipped thereafter were returned and the suit was brought to recover the difference between the contract price, which had been reduced by the government to 22¼ cents, and proceeds of the sale of the goods to others. The Manufacturing Co. contended that the provision in the contract that defects in quality and delays in shipment should not be the cause for cancellation of any portion thereof other than shipment in question, was not a binding term of the contract because there was no consideration therefor so that it must be treated as an entire contract for 400,000 yards and not as 40 separate contracts for 10,000 yards each.

The Circuit Court of Appeals held:

1. If both parties move for a directed verdict the reviewing court is limited to determining whether there was any substantial evidence on what a trial court could have properly found the facts necessary to support the judgment.

2. This is so because there was no conflict in the evidence or the inferences to be drawn therefrom. The facts were not in dispute.

3. Prior negotiations were merged into the contract "all understandings and agreements being embodied therein."

4. In the contemplation of the parties, the execution of these documents did not constitute an amendment of or an addition to a prior existing contract but they constituted the only contract which they had entered into.

5. The Milling Co. did not sue upon the anticipatory breach, but it sued for the breach by the Mfg. Co. of its obligations when they were due to be performed.

6. "Where, by terms of the contract, the defendant has not performed some condition precedent, it is enough for the plaintiff to allege that he was ready and willing. He need do nothing actively until the defendant has performed the prior obligation.

7. Refusal of trial court to allow testimony tending to show that the general manager of the Mfg. Co. signed the contract without reading the entire instrument, was correct. A party who executes a contract, in the absence of fraud or mutual mistake, cannot say he was ignorant of its contents and thus escape liability.

Judgment of District Court affirmed.

Attorneys—Taber & Daniells and Brown, Hahn & Sanger for Mfg. Co.; Robt. Newbegin and Doyle and Lewis for Cotton Mills; all of Toledo.